# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 14-189 |
| v. ) | |
| ) | Judge Cathy Bissoon |
| ALBERT P. MAJKOWSKI, JR., ) | |
| USMS 35359068 ) | |
| ) | |
| Defendant. ) | |

## ORDER

Having carefully reviewed the parties' positions regarding the conditions of Defendant's psychological examination, per 18 U.S.C. § 4247(b), the Court agrees with defense counsel that the current record does not support commitment. There are insufficient indicia of Defendant's putative noncompliance, and ordering him into the custody of the Attorney General/D.O.J. would, on this record, smack of punishment for Defendant and/or his attorneys' delay of the trial in this case. These things being said, however, any failure on the part of Defendant to timely comply with any aspect of the psychological-examination procedures, including the gathering and submission of medical records to the examiner and Defendant's appearance for the examination as scheduled, <u>will</u> result in proceedings to show cause why Defendant's bond should not be revoked, and/or to revisit the commitment-issue under Section 4247(b). *See* Def.'s Unsecured Appearance Bond (Doc. 11) at pgs. 2-3 of 7 (Defendant "does at all times render himself amenable to the orders . . . of the Court," and violation of this condition "may result in

the immediate issuance of a warrant for [D]efendant's arrest, a revocation [of] release[ or] an order of detention").[1]

These things having been determined, and pursuant to Section 4247(b), the Court hereby designates Robert Wettstein, M.D., as the psychological examiner in this case. The examination shall take place at a date, time and location directed by Dr. Wettstein, and it shall, pursuant to Section 4241(a), focus on whether there is reasonable cause to believe that Defendant presently may be suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense.[2]

Furthermore, it hereby is ORDERED that Defendant and his counsel promptly shall ensure that all medical records regarding Defendant be delivered to Dr. Wettstein in advance of the examination. This includes any and all medical and/or mental health records regarding Defendant, of any kind or description, within the possession, custody or control of each of Defendant's present and former medical and mental health care providers. Defendant's counsel

---

[1] Even outside the context of a bond-violation, Defendant's failure to comply with the ordered-procedures for his psychological examination may provide an independent justification for commitment under Section 4247(b). In opposing the government's position, defense counsel does *not* assert that putative noncompliance (whether with the examination process or with treatment-regimen(s) aimed at maintaining mental competency) is immaterial or an insufficient justification for commitment. Rather, counsel states that Defendant has been, and will remain, compliant. So long as that remains the case, commitment will not be an issue. But if it does not, Defendant and his counsel hereby are forewarned that the result will, in all likelihood, be less favorable to them.

[2] Specifically, defense counsel has raised concerns regarding Defendant's ability to behave and/or present appropriately during a jury trial (*e.g.*, not breaking into crying jags or presenting a significantly depressed affect). The competency determination may warrant inquiries into Defendant's abilities: to pay attention in court; to be free of self-defeating behavior, and display appropriate behavior; to work with his attorney; to appreciate his role in the criminal proceeding; to understand the plea-bargaining process; to make rational defense-decisions; and to evaluate the evidence and predict the probable outcome of a trial. Current Psychiatry, 5(6):36-42 (June 2006) (citing Dusky v. U.S., 362 U.S. 402 (1960)). To the extent that such considerations appear relevant, Dr. Wettstein's report shall address them and offer opinion(s).

shall coordinate the accumulation of medical records; the securing of any necessary authorizations and/or release forms; and the delivery of the medical records to Dr. Wettstein.

Given that it will take some time to gather the medical records, to conduct the examination and to prepare the report, the Court will provide 90 days, or until **April 17, 2017**, for Dr. Wettstein to prepare and transmit the report. The report shall be prepared in conformity with 18 U.S.C. § 4247(c),[3] and, upon its completion, Dr. Wettstein shall transmit the report to the Court, whose staff promptly will provide copies to counsel for Defendant and the government.

The deadline above provides adequate time to complete the necessary steps, and the Court does **not** anticipate granting extension(s). Accordingly, it is incumbent upon Defendant and his counsel to make all reasonable, good faith efforts to comply with the Court's directives and to appear for the examination as scheduled by Dr. Wettstein. Once the report has been submitted, the Court will enter an order setting a hearing pursuant to Section 4247(d).

Finally, the Court hereby ORDERS that no statement(s) made by Defendant in the course of his psychological examination, no expert testimony based on the statement(s) and no other fruits of the statement(s) will be admitted into evidence against Defendant in this criminal proceeding, except if Defendant himself raises questions or introduces evidence regarding his competency or incompetency during the course of his defense (or at sentencing, if convicted).[4]

---

[3] Section 4247(c) requires the report to include: (1) the person's history and present symptoms; (2) a description of the psychiatric, psychological and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis and whether Defendant is mentally incompetent, as defined under Section 4241(a). Id.

[4] Defense counsel asserts, and the government does not dispute, that this limiting-language is required to protect Defendant's right against self-incrimination. U.S. v. Triumph, 2004 WL 1920255, *1 n.2 (D. Conn. Aug. 24, 2004); accord U.S. v. Nguyen, 962 F. Supp. 1221, 1225 (N.D. Cal. 1997) (holding same after thorough discussions and analyses). A materially similar limitation is contained in Criminal Rule 12.2(c)(4). Although the Court need not, and therefore will not, opine on the matter, it is possible that a defendant could argue, in good faith,

IT IS SO ORDERED.

January 17, 2017                                               s\Cathy Bissoon
                                                               Cathy Bissoon
                                                               United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

that Rule 12.2 compels the same result. See Fed. R. Crim. P. 12.2(c)(1)(A) & 12.2(c)(4) (despite Rule 12.2's governing notice of an insanity defense (an issue not presented here), Rule 12.2(c)(1)(A) highlights that "[t]he court may order the defendant to submit to a competency examination under 18 U.S.C. § 4241," *i.e.*, the statute invoked in this case, and subsection (c)(4) indicates that the inadmissibility-limitation extends to "any examination conducted under this [R]ule").